UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LAURA B., § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> COMMISSIONER OF SOCIAL SECURITY, § <br> § <br> Defendant. § | Case # 1:21-cv-1309-DB <br><br> MEMORANDUM <br> DECISION AND ORDER |

## INTRODUCTION

Plaintiff Laura B. ("Plaintiff") brings this action pursuant to the Social Security Act (the "Act"), seeking review of the final decision of the Commissioner of Social Security (the "Commissioner"), that denied her application for supplemental security income ("SSI") under Title XVI of the Act. *See* ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c), and the parties consented to proceed before the undersigned in accordance with a standing order (*see* ECF No. 13).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). *See* ECF Nos. 8, 9. Plaintiff also filed a reply brief. *See* ECF No. 10. For the reasons set forth below, Plaintiff's motion (ECF No. 8) is **GRANTED**, the Commissioner's motion (ECF No. 9) is **DENIED**, and this matter is **REMANDED** to the Commissioner for further administrative proceedings as set forth below.

## BACKGROUND

Plaintiff protectively filed an application for SSI on October 16, 2019, alleging disability beginning September 1, 2013, later amended to October 16, 2019 (the disability onset date), primarily due to multiple mental health disorders. Transcript ("Tr.") 15, 231-37, 253. Plaintiff's claim was denied initially on March 11, 2020, and again upon reconsideration on July 3, 2020,

after which she requested an administrative hearing. Tr. 15. On January 19, 2021, Administrative Law Judge Joshua Menard (the "ALJ") conducted a telephonic hearing,[1] at which Plaintiff appeared and was represented by Nicholas Di Virgilio, an attorney. Tr. 15, 33-60. Susan Moyes, an impartial vocational expert ("VE"), also appeared and testified at the hearing. *Id*.

The ALJ issued an unfavorable decision on February 10, 2021, finding that Plaintiff was not disabled. Tr. 15-27. On November 4, 2021, the Appeals Council denied Plaintiff's request for further review. Tr. 1-6. The ALJ's February 10, 2021 decision thus became the "final decision" of the Commissioner subject to judicial review under 42 U.S.C. § 405(g).

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C. § 405(g)) (other citation omitted). The Act holds that the Commissioner's decision is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F. 3d 496, 501 (2d Cir. 1990).

### II. The Sequential Evaluation Process

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71

---

[1] Due to the extraordinary circumstance presented by the Coronavirus Disease 2019 ("COVID-19") pandemic, all participants attended the hearing by telephone. Tr. 15.

(1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id*. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments meeting the durational requirements, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id*. § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, the claimant is disabled. *Id*. § 404.1509. If not, the ALJ determines the claimant's residual functional capacity, which is the ability to perform physical or mental work activities on a sustained basis notwithstanding limitations for the collective impairments. *See id*. § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. *Id*. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id*. § 404.1520(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national

economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

## ADMINISTRATIVE LAW JUDGE'S FINDINGS

The ALJ analyzed Plaintiff's claim for benefits under the process described above and made the following findings in his February 10, 2021 decision:

1. The claimant has not engaged in substantial gainful activity since October 16, 2019, the application date (20 CFR 416.971 *et seq*.).

2. The claimant has the following severe impairments: left eye blindness; obesity; schizoaffective disorder; panic disorder with agoraphobia; anxiety disorder; and depressive disorder (20 CFR 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

4. The claimant has the residual functional capacity to perform to perform a a full range of work at all exertional levels but with the following nonexertional limitations: due to vision related issues the individual needs to avoid sharp and dangerous objects. The individual should avoid concentrated exposure to unprotected heights, moving mechanical parts, humidity, dusts, odors, fumes, and other pulmonary irritants, and extreme cold. The individual can have no more than occasional interaction with supervisors, coworkers, and the general public.

5. The claimant has no past relevant work (20 CFR 416.965).

6. The claimant was born on June 5, 1972 and was 47 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 416.963).

7. The claimant has at least a high school education (20 CFR 416.964).

8. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (*See* SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).

10. The claimant has not been under a disability, as defined in the Social Security Act, since October 16, 2019, the date the application was filed (20 CFR 416.920(g)).

Tr. 15-26.

Accordingly, the ALJ determined that, based on the application for supplemental security benefits protectively filed on October 16, 2019, the claimant is not disabled under section 1614(a)(3)(A) of the Social Security Act. Tr. 27.

## **ANALYSIS**

Plaintiff asserts a single point of error, alleging that the ALJ failed to reconcile his RFC finding with the opinion evidence. *See* ECF No. 9-1 at 1, 6-10. Specifically, Plaintiff argues that although finding "persuasive" the opinions of psychiatric consultative examiner Gregory Fabiano, Ph.D. ("Dr. Fabiano"), and state agency reviewing psychologists K. Lieber-Diaz, Ph.D. ("Dr. Lieber-Diaz"), and J. May, Ph.D. ("Dr. May"), the ALJ failed to include their opined moderate limitations in the RFC and did not explain his rationale for not adopting these limitations. *See id*. Plaintiff additionally argues that the ALJ rejected the opinion of treating psychiatrist Viktor Yatsynovich, M.D. ("Dr. Yatsynovich"), without considering the consistency of Dr. Yatsynovich's opinion with the opinions of Drs. Fabiano, Lieber-Diaz, and May. *See id*. at 9-10.

The Commissioner argues in response that the medical opinions supported the RFC, and the ALJ reasonably found that the mental assessments of Drs. Fabiano, Lieber-Diaz, and May supported the RFC and reasonably found the opinion of Dr. Yatsynovich unpersuasive because it was not supported by the record. *See* ECF No. 9-1 at 4-12. The Commissioner further argues that Plaintiff, not the Commissioner, bears the burden of showing that she is unable to perform the RFC assessed by the ALJ, which she has failed to do. *See id*.

A Commissioner's determination that a claimant is not disabled will be set aside when the factual findings are not supported by "substantial evidence." 42 U.S.C. § 405(g); *see also Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000). Substantial evidence has been interpreted to mean "such

relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. The Court may also set aside the Commissioner's decision when it is based upon legal error. *Rosa*, 168 F.3d at 77.

Upon review of the record and the ALJ's decision, the Court finds that Plaintiff's argument has merit. As noted above, Plaintiff argues that the ALJ failed to reconcile his RFC finding with the moderate limitations assessed by Drs. Fabiano, Lieber-Diaz, and May, in particular, Dr. Fabiano's assessment that Plaintif had moderate limitations in regulating emotions, controlling behavior, and maintaining well-being. *See* ECF No. 9-1 at 6-10. Because the ALJ failed to provide an explanation for not incorporating moderate limitations in regulating emotion into the RFC, the RFC was not based on substantial evidence. Accordingly, the Court finds that remand is warranted on this issue.

Dr. Fabiano assessed "moderate limitations" in Plaintiff's ability to understand, remember, and apply complex directions and instructions; interact adequately with supervisors, coworkers, and the public; and regulate emotions, control behavior, and maintain wellbeing. Tr. 403. Dr. Fabiano also assessed mild limitations in Plaintiff's ability to understand, remember, and apply simple directions and instructions. *Id*. Drs. Lieber-Diaz and May assessed "moderate limitations" in carrying out detailed instructions; maintaining attention and concentration for extended periods; performing activities within a schedule; working in close proximity to others; completing a normal workday without interruption from symptoms; interacting with the general public and with coworkers; maintaining socially appropriate behavior; and traveling to unfamiliar places. Tr.72-73, 84. Despite finding these opinions persuasive, the only mental limitation included in the RFC was "occasional interaction with supervisors, coworkers, and the general public." Tr. 20.

An ALJ's failure to adequately explain the rationale for not including a claimant's mild-to-moderate mental limitations in an RFC is error. *Felix S. v. Comm'r of Soc. Sec.*, 630 F. Supp. 3d 423, 426 (W.D.N.Y. 2022) (remanding due to ALJ's failure to assess mental limitations in the RFC, despite finding the opinion expressing those limitations "persuasive"). Additionally, if a medical opinion expresses limitations in a claimant's ability to regulate emotions and behavior that are greater than those accounted for in the RFC, the ALJ must provide an explanation for adopting some limitations but rejecting others. *Marcia R. v. Comm'r of Soc. Sec.*, No. 1:20-CV-1236, 2021 WL 2379640, at *6 (W.D.N.Y. June 10, 2021). If the ALJ does not provide that explanation, "meaningful review is frustrated," and the case should he remanded. *Id*.

Further, remand is warranted when an ALJ finds an opinion expressing moderate limitations in regulating emotion, controlling behavior and maintaining well-being to be persuasive, but fails to account for those limitations in the RFC. *Jimmie E. v. Comm'r of Soc. Sec.*, 20-CV-0406, 2021 WL 2493337, at *5 (W.D.N.Y. June 18, 2021). While the Commissioner asserts that unskilled work inherently accounts for a moderate limitation in regulating emotion (*see* ECF No. 9-1 at 7-8). the ALJ nevertheless must provide an explanation for how the assessed limitations affect the claimant's ability to perform that unskilled work, *Jimmie E.*, 2021 WL 2493337, at *5.

Here, the ALJ noted that he found the opinions of Drs. Fabiano, Lieber-Diaz, and May persuasive based on these providers' familiarity with the Social Security Administration's disability programs, rules, and regulations. Tr. 24. The ALJ also noted that these opinions were "generally consistent with the medical evidence of record that [Plaintiff] can engage in mental work activities with social interaction limitations due to her reports of difficulty engaging with others in a work environment." Tr. 24. The ALJ then stated that he did not find that Plaintiff had

7

moderate restrictions in concentration, persistence, and pace, because she "had intact attention and concentration and Dr. Fabiano opined that [Plaintiff] could sustain concentration and perform a task at a consistent pace and sustain an ordinary routine and regular attendance at work." *Id*. However, the ALJ did not comment on Dr. Fabiano's assessment of moderate limitations in regulating emotion, controlling behavior, and maintaining well-being. *See id*. This was error, because the ALJ was required to explain his reasoning for failing to include these moderate mental limitations in the RFC. *Felix S.*, 630 F. Supp. 3d at 426. Further, the ALJ was required to explain his failure to account for limitations expressed in an opinion he found persuasive. *See Jimmie E.*, 2021 WL 2493337, at *5. The ALJ did not do so here.

The Commissioner argues that Plaintiff has failed to meet her burden to show that the limitations expressed by Drs. Fabiano, Lieber-Diaz, and May are greater than those found by the ALJ. *See* ECF No. 9-1 at 4-5 (citing *Poupore v. Astrue*, 566 F.3d 303, 306 (2d Cir. 2009)). However, Plaintiff has met her burden by identifying limitations expressed in Dr. Fabiano's opinion that the ALJ, without explanation, did not include in the RFC. *See generally* ECF No. 8-1. Because the ALJ did not explain his reasons for failing to adopt the moderate limitations expressed by Dr. Fabiano, it cannot be "presume[d] that the limitations in the RFC adequately address plaintiff's limitations in managing [her] emotions and behavior." *Christopher F. v. Comm'r of Soc. Sec.*, 1:20-CV-01062, 2022 WL 130764, at *4 (W.D.N.Y. Jan. 14, 2022). Accordingly, remand is warranted on this issue.

On remand, the ALJ should thoroughly explain his decision not to incorporate the moderate limitations expressed by Dr. Fabiano in regulating emotions, controlling behavior, and maintaining well-being into Plaintiff's RFC.

Although Plaintiff has identified an additional challenge to the ALJ's consideration of Dr. Yatsynovich's opinion, because the Court has already determined that remand of this matter for further administrative proceedings is necessary, the Court declines to address Plaintiff's additional challenge. *See, e.g.*, *Bell v. Colvin*, No. 5:15-CV-01160 (LEK), 2016 WL 7017395, at *10 (N.D.N.Y. Dec. 1, 2016) (declining to reach arguments "devoted to the question whether substantial evidence supports various determinations made by [the] ALJ" where the court had already determined remand was warranted); *Morales v. Colvin*, No. 13cv06844 (LGS) (DF), 2015 WL 2137776, at *28 (S.D.N.Y. Feb. 10, 2015) (the court need not reach additional arguments regarding the ALJ's factual determinations "given that the ALJ's analysis may change on these points upon remand"), *adopted*, *261 2015 WL 2137776 (S.D.N.Y. May 4, 2015).

## CONCLUSION

Plaintiff's Motion for Judgment on the Pleadings (ECF No. 8) is **GRANTED**, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 9) is **DENIED**, and this matter is **REMANDED** to the Commissioner for further administrative proceedings consistent with this opinion pursuant to sentence four of 42 U.S.C. § 405(g). *See Curry v. Apfel*, 209 F.3d 117, 124 (2d Cir. 2000). The Clerk of Court is directed to enter judgment and close this case.

**IT IS SO ORDERED**.

*[signature]*
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE